UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SECURITY ASSOCIATES, INC.,

      Plaintiff,

v.

      Case No. 05-73931

      Hon. Chief Judge Bernard A. Friedman
      Magistrate Judge Steven D. Pepe

ADONIS WADE, et al.,

      Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Dkt. #12)**

Defendants' Motion For Protective Order was referred for hearing and determination pursuant to 28 U.S.C. 636(b)(1)(A). An in-person hearing was held on December 14, 2005. For the reasons stated on the record, Defendants' motion is DENIED.

In brief, this matter involves Plaintiff's allegation that defendant Wade resigned his employment and engaged in competition with Plaintiff in violation of his employment agreement. Defendants have filed a dispositive motion asserting that the signature of defendant Wade on the employment agreement is not his, but a forgery. Defendants seek a Protective Order staying discovery until this dispositive motion is resolved.

Motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness. *Howard v. Galesi,* 107 F.R.D. 348 (S.D.N.Y.1985). Preliminarily, courts do not generally grant protective orders without a strong showing of "good cause". *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir.1982); *Howard v. Galesi,* 107 F.R.D. 348, 350 (D.C.N.Y. 1985). Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.

*Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.,1988).

In the present case, Defendants have failed to establish sufficient good cause. Plaintiff has alleged a set of facts which if taken as true and in a light most favorable to Plaintiff, as required when dealing with a Fed. R. Civ. P. 12(b)(6) motion, would entitle him to some relief. Generally motions for summary judgment are considered only after a reasonable opportunity for discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Here, in light of the affidavit of Will Riley, there is a reasonable likelihood that the Court will determine that there is a question of fact regarding the validity of defendant Wade's signature on the employment agreement at issue in this matter and/or Wade's knowledge regarding his purported signature. Therefore it is not clear that Defendants are likely to end this litigation on their pending motion for dismissal and summary judgment without the need for discovery. Defendants' motion for a protective order and for the existing subpoenas to be quashed is therefore DENIED.

Accordingly, IT IS ORDERED, that on or before January 16, 2005, Defendants shall respond to Plaintiff's outstanding discovery. The undersigned has strongly urged the parties to meet and confer to formulate a discovery plan to expedite the exchange of information and scheduling of depositions.

Dated: December 16, 2005                                 s/Steven D. Pepe
Ann Arbor, Michigan                                      United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Order was served upon the attorneys of record by electronic means or U. S. Mail on December 16, 2005.

                                                s/William J. Barkholz
                                                Courtroom Deputy Clerk