UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SECURITY ASSOCIATES, INC.,

       Plaintiff,

vs.

ADONIS WADE, et al.,

       Defendants.
_____/

Civil Action No.
05-CV-73931-DT

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
ORDER OF FEBRUARY 6, 2006, REGARDING DISPUTED DISCOVERY ISSUES</u>**

       This matter is presently before the Court because Defendants have objected to Magistrate Judge Steven Pepe's Order of February 6, 2006, regarding disputed discovery issues resulting from his previous Order denying Defendants' Motion for Protective Order. After reviewing the matter, the Court finds that no portions of the Magistrate Judge's Order is "clearly erroneous" or "contrary to law." Therefore, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), the Court accepts and adopts the Magistrate Judge's Order of February 6, 2006.

**I.    <u>HISTORY OF THE CASE</u>**

    **A.    <u>FACTUAL BACKGROUND</u>**

       U.S. Securities Associates, Inc., ("Plaintiff") is a corporation that provides "uniformed security officers to commercial, industrial, and government clients." (Pl.'s Second Am. Compl. ¶¶ 1-2.) On July 28, 2005, Plaintiff acquired the assets of Progressive Security Concepts, LLC, from

Greg Wier.[1]  (Id. Ex. 8.)  Plaintiff states that when it acquired Progressive Security Concepts, it began to employ Adonis Wade ("Defendant Wade"), who had been employed by Progressive.  (Id. ¶ 61.)  Since that time, Defendant Wade has left Plaintiff and is currently the Director of Operations for Prudential Protective Services ("Defendant Prudential").  (Id. ¶ 5; Def.'s Answer ¶¶ 5, 74.)  Defendant Prudential is a direct competitor of Plaintiff, as Defendant Prudential also provides uniformed security officers to institutional clients.  (Pl.'s Second Am. Compl. ¶ 4; Def.'s Answer ¶ 4.)

Plaintiff alleges that Defendant Wade is breaching the non-compete provisions of his Employment Agreement with Plaintiff by using trade secrets and confidential information, which he obtained while he was employed by Plaintiff, to benefit Defendant Prudential.  (Pl.'s Second Am. Compl. ¶¶ 72-76.)  For instance, Plaintiff contends that many of its clients have cancelled their contracts with Plaintiff, after having been unfairly lured by Defendant Wade to take their business to Defendant Prudential.  (Id. ¶¶ 77-79.)  While Defendants claim that Defendant Wade did not sign the Employment Agreement, Plaintiff asserts that Defendant Wade either signed the Agreement or, in the alternative, lead Plaintiff to believe that he had signed it.  In addition, Plaintiff alleges that Defendant Wade has tried to get several of Plaintiff's employees to come to work for Defendant Prudential.  (Id. Ex. 7.)  Plaintiff also claims that Defendant Prudential has interfered with the consulting agreements between Plaintiff and its employees.  (Id. ¶¶ 105-116, 155.)  Plaintiff states

---

[1]Progressive Security Concepts, LLC, was a company that provided uniformed security officers.  (Pl.'s Second Am. Compl. ¶ 15; Def.'s Answer ¶ 15.)  Greg Wier, who was the seller of Progressive, is also the founder of Prudential Protective Services ("Defendant Prudential").  (Pl.'s Second. Am. Compl. Ex. 1.)

that it has sent two cease-and-desist letters to each Defendant, but Defendants continue to violate their agreements with Plaintiff.[2] (Id. ¶ 90.

On the other hand, Defendants assert that Plaintiff's claims against Defendants are just Plaintiff's "attempt[s] to compensate for its defeats in the marketplace." (Def.'s Objections, 1.) Defendants' primary defense to Plaintiff's Complaint is that Defendant Wade never signed an Employment Agreement with Plaintiff. (Def.'s Answer ¶¶ 61-66; Def.'s Reply, 3.) Defendants claim that Defendant Wade's signature, which is on the last page of the Employment Agreement, is not authentic. (Def.'s Answer ¶¶ 188.) Moreover, Defendants state that Defendant Wade was never privy to any of Plaintiff's trade secrets or confidential information while he was employed by Plaintiff, (Id. ¶ 72), and therefore Defendant Wade could not have shared any such information with Defendant Prudential, (Id. ¶ 75). Lastly, Defendants assert that they did not unlawfully interfere with Plaintiff's employees or clients.

### B. PROCEDURAL HISTORY

Plaintiff filed its original Complaint in mid-October 2005. One week later, the Court denied Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order. On October 27, 2005, Plaintiff filed its First Amended Complaint. On November 17, 2005, Defendants filed a Motion to Dismiss and for Summary Judgment. Also on that day, Defendants filed a Motion for Protective Order to stay discovery until the resolution of Defendants' Motion to Dismiss and for Summary Judgment. Plaintiff filed a Motion for Leave to File Second Amended Complaint on December 5, 2005.

On December 14, 2005, Magistrate Judge Pepe heard oral argument on Defendants' Motion

---

[2] Defendants admit that they received the letters, but they state that they have done nothing wrong. (Def.'s Answer ¶ 90.)

3

for Protective Order. Two days later, Magistrate Judge Pepe issued an Order denying Defendants' Motion for Protective Order. On January 18, 2006, Magistrate Judge Pepe issued an Opinion and Order granting Plaintiff's Motion for Leave to File Second Amended Complaint. Plaintiff filed its Second Amended Complaint on January 23, 2006. Defendants filed their Answer on February 13, 2006.[3]

After Magistrate Judge Pepe denied Defendants' Motion for Protective Order, it appears that discovery-related disputes developed, as evidenced by the parties' Pretrial Memoranda. On February 1, 2006, Magistrate Judge Pepe heard extensive oral argument on the discovery issues. On February 6, 2006, Magistrate Judge Pepe issued an Order regarding the disputed discovery issues.

On February 21, 2006, Defendants filed their Objections to the Magistrate Judge's Order of February 6, 2006. Plaintiff filed its Response to Defendants' Objections on March 10, 2006. Plaintiff filed its Reply on March 21, 2006.

II.     **DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE PEPE'S FEBRUARY 6, 2006, ORDER REGARDING DISPUTED DISCOVERY ISSUES**

A district court may refer certain types of proceedings and matters to a magistrate judge. 28 U.S.C. § 636 (Supp. 2005). The Sixth Circuit has explained that "[u]nder the authority of 28 U.S.C. § 636(b)(1)(A) . . . a district court 'may designate a magistrate to hear *and determine* any pretrial matter pending before the court' (emphasis added), with certain listed exceptions." Massey v. City of Ferndale, 7. F.3d 506, 508 (6th Cir. 1993). For example, a discovery motion falls within the category of nondispositive pretrial motions that a magistrate judge may hear and determine. Brown

---

[3] Defendants had not previously filed an Answer to either Plaintiff's original Complaint or First Amended Complaint.

4

v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985). "When a magistrate judge *determines* a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review." Massey, 7 F.3d at 509 (quoting 28 U.S.C. § 636(b)(1)(A)). That limited standard of review is "clearly erroneous" or "contrary to law." See 28 U.S.C. § 636(b)(1)(A) (stating "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). This means that the "magistrate judge's determination may be overturned by the district court *only* if it is 'clearly erroneous or contrary to law.'" Massey, 7 F.3d at 509 (emphasis added).

Although the "clearly erroneous" standard is often applied to a court of appeal's review of a district court's factual findings, the Sixth Circuit has broadly stated that a "finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Heights Cmty. Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985). The Sixth Circuit further explained that the "question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." Id. Thus, as long as a magistrate judge has made a nondispositive pretrial determination that is not "clearly erroneous," the district court should accept and adopt the magistrate judge's ruling.

As for the "contrary to law" standard of review, the United States Supreme Court has stated that "[t]he word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams v. Taylor, 529 U.S. 362, 405 (2000) (quoting

5

Webster's Third New International Dictionary 495 (1976)). This means that for a district court to reject a magistrate judge's nondispositive determinations, the district court would have to find those determinations to be against the law or the opposite of what is required by the law. For instance, "contrary to law" has been defined as "illegal." BLACK'S LAW DICTIONARY 329 (7th ed. 1999). Thus, a magistrate judge's nondispositive determinations should draw great deference, as the "clearly erroneous" and "contrary to law" standards of review present a sizeable burden for a district court to overcome.[4]

Section 636(b)(1)(A) is implemented by Federal Rule of Civil Procedure 72(a). Callier v. Gray, 167 F.3d 977, 980 (6th Cir. 1999). Rule 72(a) reads as follows:

> (a) *Nondispositive Matters*. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to *hear and determine* shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a *party may serve and file objections to the order*; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. *The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law*.

Fed. R. Civ. P. 72(a) (emphasis added).

Here, the Court finds that Magistrate Judge Pepe's Order is neither "clearly erroneous" nor "contrary to law." The Order resolved discovery disputes between the parties and directed *each* party to supplement many of their responses to interrogatories and their production of documents. Further, the Magistrate Judge's ruling presented a logical order in which to take depositions.

---

[4]Section 3069 of Federal Practice and Procedure nicely characterizes the standards of review, by stating that "it is *extremely difficult* to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed 1997) (emphasis added).

Finally, Magistrate Judge Pepe seems to be well acquainted with this case and its parties, as he has already issued written rulings and held several in-person hearings for oral argument. As such, the Court finds the Magistrate Judge's Order to be reasonable and appropriate. Therefore, the Court will accept and adopt Magistrate Judge Pepe's Order of February 6, 2006.

### III. CONCLUSION

Based upon the record established and documentary evidence presented, the Court finds that Magistrate Judge Pepe's Order regarding disputed discovery issues was not clearly erroneous nor contrary to law. Accordingly,

IT IS ORDERED that Defendants' Objections to Magistrate Judge Pepe's Order of February 6, 2006, regarding disputed discovery issues, are overruled.

IT IS FURTHER ORDERED that the Court accepts and adopts Magistrate Judge Pepe's Order of February 6, 2006.

IT IS FURTHER ORDERED that a scheduling conference will be held on Wednesday, May 10, 2006, at 9:00 a.m. Prior to the scheduling conference, the Court expects that the parties will comply with all outstanding Orders from this Court and from Magistrate Judge Pepe.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:   April 25, 2006
         Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

7