UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SECURITY ASSOCIATES, INC.,

       Plaintiff,

vs.

ADONIS WADE, et al.,

       Defendants.

_____/

Civil Action No.
05-CV-73931-DT

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT**

This matter is presently before the Court on Defendants' Motion to Dismiss and for Summary Judgment, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(c), respectively. After having reviewed the matter, the Court finds that Plaintiff's Complaint alleges a valid claim. Further, the Court finds that a genuine factual dispute exists. Therefore, the Court will deny Defendants' Motion to Dismiss and for Summary Judgment.

**I.    HISTORY OF THE CASE**

    **A.    FACTUAL BACKGROUND**[1]

U.S. Security Associates, Inc. ("Plaintiff") is a corporation that provides "uniformed security officers to commercial, industrial, and government clients." (Pl.'s First Am. Compl. ¶ 9.) Adonis

---

[1] This Motion was filed *after* Plaintiff filed its First Amended Complaint and *before* Plaintiff filed its Second Amended Complaint. The Court considered dismissing this Motion as moot; however, the Court will rule on the Motion because the First Amended Complaint itself is sufficient to defeat the Motion.

Wade ("Defendant Wade") was employed by Plaintiff until he resigned in September 2005. (Id. ¶ 16; Def.'s Mot. to Dismiss and for Summ. J., 2-3.) Defendant Wade is now employed by Prudential Protective Services ("Defendant Prudential"), as the Director of Operations. (Pl.'s First Am. Compl. ¶ 17; Def.'s Mot. to Dismiss and for Summ. J., 3.) Defendant Prudential is a direct competitor of Plaintiff, as Defendant Prudential is similarly in the business of providing uniformed security officers to institutional clients. (Pl's First Am. Compl. ¶ 17-18; Def.'s Mot. to Dismiss and for Summ. J., 3.)

According to Plaintiff, Defendant Wade is unfairly and illegally using confidential information, which he apparently obtained during his employment by Plaintiff, to benefit Defendant Prudential. (Pl.'s First Am. Compl. ¶ 19.) Plaintiff contends that many of its clients have cancelled their contracts with Plaintiff and are now clients of Defendant Prudential. (Id. ¶ 31.) Several of Plaintiff's employees state that Defendant Wade has bragged about taking away Plaintiff's clients. (Id. Ex. 3.) Further, several of Plaintiff's employees state that Defendant Wade has asked them to come work for him at Defendant Prudential. (Id.) Plaintiff states that such actions are in violation of the Employment Agreement between Plaintiff and Defendant Wade. The Employment Agreement reads as follows:

> [Section] VIII.
>
> Employee acknowledges and agrees that during the course of his/her employment: Employee has been and/or will be provided with the benefit of access to Employer's customers and employees; Employer has and/or will place Employee in a position of trust and confidence with respect to Employer's customers and employees; that the goodwill customer relationships and contacts constitute substantial assets of Employer which have been acquired and/or developed at considerable expense to Employer; and Employee has and/or shall continue to receive direct financial remuneration as a result of the goodwill established by the Employer with such

customers. As further consideration for the covenants contained herein, Employee shall receive certain benefits and severance pay as described in Paragraphs V and VI.

Employee agrees that the restrictions set forth below are necessary and reasonable for the protection of the goodwill, customer relationships, employee relationships and business of Employer and therefore covenants as follows:

Employee agrees that from the commencement of his/her employment until the termination of his/her employment and for a period of three (3) years following the termination of such employment (whatever the reasons for such termination may be and whether such termination is voluntary or involuntary) that the Employee will not:

> A. Directly or indirectly, alone or in any capacity, within the geographic area in which he/she actively works or worked for Employer or within the geographic area of Employee's responsibilities performed while in the employ of Employer, *solicit, divert, accept or take away for any competing business any customer of Employer* who was such at any time during the one (1) year immediately preceding the termination of Employee's employment.
>
> B. Directly or indirectly, alone or in any capacity, within the geographic area in which he/she actively works or worked for Employer or within the geographic area of Employee's responsibilities performed while in the employ of Employer, *solicit, divert, accept or take away for any competing business any other employee of Employer* who was such at any time during the one (1) year immediately preceding or following the termination of Employee's employment.
>
> C. Directly or indirectly, alone or in any capacity, within the geographic area in which he/she actively works or worked for Employer or within the geographic area of Employee's responsibilities performed while in the employ of Employer, *solicit, divert, accept or take away for any competing business any prospective customer of Employer* whom the Employee actively solicited during the one (1) year immediately

3

> preceding the termination of Employee's employment.
>
> . . . .
>
> [Section] X.
>
> Employee covenants and agrees, which covenant and agreement is of the essence of this agreement, that upon termination of his/her employment, whether voluntary or involuntary, he/she will promptly deliver to the Employer all property, customer lists, sales information, memoranda, documents containing trade secrets, information relating to Employer's business and other confidential information and all other property belonging to the Employer and any and all copies thereof, and that he/she will not, either during the term of his/her employment under this agreement or any time thereafter, (1) *disclose to any person, firm, partnership, association or corporation, other than Employer, any trade secrets or other confidential information* which was disclosed to him/her or came within his/her knowledge during the course of his/her employment, or (2) *make or cause to be made any use of such trade secrets or confidential information.*

(Id. Ex. 1, at 3-4 (emphasis added).)  On the last page of the Employment Agreement, there are signatures on the lines provided for Plaintiff, a witness, and Defendant Wade.  (Id. Ex. 1, at 5.) While Defendants apparently do not dispute the existence of such a contract, they claim that the signature on the line for Defendant Wade is not actually Defendant Wade's signature.  (Def.'s Mot. to Dismiss and for Summ. J., 3.)

### B.   PROCEDURAL HISTORY

Plaintiff filed its original Complaint in mid-October 2005.  One week later, the Court denied Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order.  Plaintiff then filed its First Amended Complaint, on October 27, 2005.

4

In mid-November 2005, Defendants filed their Motion to Dismiss and for Summary Judgment. Plaintiff filed its Response on December 8, 2005. Defendants filed their Reply on December 19, 2005.

On January 18, 2006, Magistrate Judge Steven Pepe granted Plaintiff's Motion for Leave to File Second Amended Complaint. Plaintiff then filed its Second Amended Complaint on January 23, 2006. Defendants filed their Answer on February 13, 2006.

## II.   DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff's First Amended Complaint includes the following claims: (1) Breach of Contract; (2) Tortious Interference with a Business Expectancy; (3) Tortious Interference with Contractual Relationships; (4) Violation of the Michigan Uniform Trade Secrets Act, MCL § 445.1901; (5) Fraudulent Misrepresentation; and (6) Fraud in the Inducement.[2]

In its Motion to Dismiss and for Summary Judgment, Defendants request that the Court dismiss the Plaintiff's claims because "(a) there is no genuine [issue] of material fact that Wade did not sign the Employment Agreement serving as the basis for some of USSA's claims, as

---

[2]In its Second Amended Complaint, Plaintiff states its claims as follows: (1) Breach of Contract; (2) Tortious Interference with a Business Expectancy; (3) Tortious Interference with Business Expectations Involving Customers, Employees and Greg Wier; (4) Tortious Interference with Business Expectations Involving Customers, Employees and Matthew Keywell; (5) Tortious Interference with Contractual Relationships; (6) Tortious Interference with Contractual Relationships Involving Customers, Employees and Greg Wier; (7) Tortious Interference with Contractual Relationships Involving Customers, Employees and Matthew Keywell; (8) Violation of the Michigan Uniform Trade Secrets Act, MCL § 445.1901; (9) Fraudulent Misrepresentation; (10) Silent Fraud; (11) Fraud in the Inducement; and (12) Breach of Contract Implied in Fact.

Plaintiff explains that it had to file a Second Amended Complaint because Defendants did not provide any discovery, and Plaintiff's "own investigation . . . uncovered additional acts [and further details] of tortious conduct by Defendants." (Pl.'s Mot. for Leave to File Second Am. Compl., 2.)

5

demonstrated by the attached affidavit of Wade; and (b) USSA has otherwise failed to state claims upon which relief can be granted." (Def.'s Br. Supp. Mot. to Dismiss and for Summ. J., 1.) On the other hand, Plaintiff argues that its Complaint should not be dismissed because it has presented factual allegations addressing each element of the claims, and because "factual questions abound." (Pl.'s Resp., 2-3.)

### A. NO DISMISSAL FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may make a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). The United States Supreme Court has explained that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). In order to make such an appraisal, a court looks to see that our system of "notice pleading" has been followed. Our system of "notice pleading" requires that "plaintiffs need only give a 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley, 355 U.S. at 47). In other words, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. The United States Supreme Court has instructed, in language that is often cited by the circuit courts, that "all the [Federal] Rules require is a 'short and plain statement of the claim.'" Id. (quoting FED. R. CIV. P. 8(A)(2)).

Although our system has a liberal pleading standard, it "requires more than the bare assertion of legal conclusions." Allard v. Weitzman (In Re Delorean), 991 F.2d 1236, 1240 (6th Cir. 1993). The complaint must include "either direct or inferential allegations respecting all the material elements" of the claim. Id. (citation omitted). As long as a plaintiff has presented such factual allegations, a "court must construe the complaint in a light most favorable to the plaintiff [and] accept all of the factual allegations as true." Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995). This means that if "an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). "A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations." In Re Delorean, 991 F.2d at 1240. Thus, if a plaintiff has asserted factual allegations that address the elements of his claim, then his complaint should not be dismissed under Rule 12(b)(6), as the sufficiency and credibility of those claims are then to be tested at trial.

Here, Plaintiff has provided sufficient evidence to state a claim. For instance, among other assertions, Plaintiff alleges the existence of the Employment Agreement and Defendant Wade's signature. Plaintiff also alleges, through employees' affidavits, that Defendant Wade has tried to lure Plaintiff's clients and employees over to Defendant Prudential. Plaintiff also asserts that it relied on Defendant's signature and the binding nature of the contract. Plaintiff is not required to provide each detail of every claim. All the Plaintiff must do is provide a "short and plain statement" of the claims. Plaintiff has done this, by providing the necessary factual allegations that would—when taken in the light most favorable to the plaintiff—support its claims entitling Plaintiff to relief. Furthermore,

7

even if any of Defendants' allegations of deficient pleading were true, they are cured by Plaintiff's Second Amended Complaint.  Thus, dismissal for failure to state a claim is not appropriate.

### B.    NO SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(C)

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(C).  The United States Supreme Court has explained that Rule 56(c) "authorizes summary judgment 'only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . (and where) no genuine issue remains for trial . . . (for) the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.'" Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)).  In other words, if there is a genuine dispute as to a material fact, then summary judgment should not be granted.

The party seeking summary judgment carries the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When a court determines whether a genuine issue of material fact exists, the court must view the evidence "in the light most favorable to the opposing party."  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  See Bender v. Southland Corp., 749 F.2d 1205, 1210-11 (6th Cir. 1984) (stating "[t]he evidence and all reasonable inferences which may be drawn therefrom must be viewed in the light most favorable to the party opposing the summary judgment motion").  The Court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). See 60 Ivy St. Corp. v. R.C. Alexander, 822 F.2d 1432, 1435-36 (6th Cir. 1987) (stating "[t]he judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact"). A factual dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Thus, if a court finds that the evidence, when taken in a light most favorable to the non-moving party, presents a genuine question of material fact, then the court should deny the moving party's motion for summary judgment.

Here, there exists a genuine issue of material fact—Did Defendant Wade sign the contract? One side says Defendant Wade signed it, whereas the other side says he did not. Furthermore, Plaintiff poses additional factual questions that remain unresolved: "Did Defendant Wade sign the Agreement or did someone sign for him? Did Defendant Wade attempt to fraudulently induce USSA into believing the Agreement was signed by him or otherwise fraudulently misrepresent the Employment Agreement as being signed by him? Is Defendant Wade's denial that he signed the Agreement credible?" (Pl.'s Br. Supp. Resp., 9-11.)

Defendants insist that no factual dispute exists because Defendant Wade has stated, in an affidavit, that he did not sign the contract; therefore, Defendants contend that he is not bound by the contract. Defendants' defense, though, does nothing to show that the existence of the Employment Agreement is undisputed. In fact, the Court finds this to be a text-book example of a genuine issue of material fact. There is a clear factual dispute about whether Defendant Wade signed the agreement. Defendants argue that the signature is not authentic; Plaintiff argues that either

9

Defendant Wade signed the contract or lead the Plaintiff to believe that the signature on the contract was authentic. Either way, there is a factual dispute here, to be decided based on the credibility and testimony of the two sides at trial, not by the Court at this stage of the proceedings. Thus, summary judgment is not appropriate.

### III.  CONCLUSION

Based upon the record established and documentary evidence presented, the Court finds that Plaintiff's Complaint is sufficient, as it presents adequate factual allegations respecting the elements of each of its claims. Furthermore, the Court finds that a genuine issue of material fact exists as to whether Defendant Wade signed the Employment Agreement. Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss and for Summary Judgment is denied.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:      April 25, 2006
            Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
    Secretary to Chief Judge Friedman